, WALTER HENRY v. THE STATE.

No. 4373.    Decided February 24, 1909.

**Local Option—Charge of Court—Place of Sale.**

Where the defendant's evidence suggested that he was acting as agent of the prosecuting witness at the time, and that the whisky was purchased outside of the local option district, and that he did not recollect that he was paid in the local option territory, etc., the court erred, over objection of defendant, in instructing the jury that the place of payment is the place of sale.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchannan.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law and his punishment assessed at $25 and twenty days in jail.

Bill of exceptions No. 3 shows that appellant objected to the fol-

lowing charge of the court, to wit: "That the place at which the seller of intoxicating liquor receives payment for same is the place of sale of such liquor." Appellant objects to said charge on the ground that same is on the weight of the evidence for the reason that the defendant loaned the money to Judkins and procured the whisky in another county and was afterwards paid by Judkins in Scurry County, which left nothing for the jury to do under said charge but to find defendant guilty. The charge is upon the weight of the evidence. It is a question of fact and not of law as to where a sale takes place. If the facts are undisputed that a sale takes place in a certain county, then it would be not amiss for the court to so say. But the evidence in this case suggested that appellant was acting as the agent of the prosecuting witness at the time said whisky was purchased, and appellant insists that it was purchased outside of the local option district and brought and delivered to the prosecuting witness in the local option district; that he had no recollection of being paid by prosecuting witness in the local option district for the whisky. It is true the State's case makes out a clear sale in Scurry County, where the prosecution was pending, but the defense's testimony suggests it was not. This is not a C. O. D. shipment, but an actual delivery of the whisky. We accordingly hold that the charge was on the weight of the evidence and should not have been given.

For the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*